St. Louis Southwestern Railway Company of Texas v. W. C. Henderson.

Decided April 24, 1909.

**Railroad—Damage by Fire—Negligence—Insufficient Evidence.**

In a suit against a railroad company for damages to plaintiff's pasture and meadow land by fire, it was agreed on the trial that the fire was communicated to plaintiff's land from a boarding car belonging to defendant which burned while standing on a side track, and that it was not known what caused the boarding car to take fire and burn.   Held, any presumption of negligence which might arise from the burning of the car, was destroyed by the agreement that it was not known how the fire originated.

Appeal from the District Court of Tarrant County.   Tried below before Hon. Irby Dunklin.

*Spoonts, Thompson & Barwise,* and *W. H. Francis,* for appellant.

No brief for appellee.

SPEER, ASSOCIATE JUSTICE.—W. C. Henderson recovered judgment against the St. Louis Southwestern Railway Company of Texas for negligently setting out fire and burning certain pastures and meadow land belonging to him. The recovery was for two fires—the first on November 16, 1906, and the second on December 30, 1906. The defendant pleaded the general issue, and the jury returned a verdict in plaintiff's favor for nine hundred and five dollars and ninety-five cents, eight hundred and eighty-two dollars and eighty-eight cents of which was for the first burn, or that of November 16, 1906. The defendant has appealed and asks that the judgment as to the first fire be reversed and here rendered in its favor, and we are of opinion that this request should be granted.

The testimony is undisputed that the fire of November 16, 1906, was set out from the burning of a boarding car standing on one of appellant's tracks, and that the fire was blown from the burning car beyond appellant's right-of-way onto the land of one Maddox, from which it was communicated to appellee's land. Appellee proved the fire and the amount of his damages, while appellant offered no evidence whatever tending to explain how the fire originated, but the following agreement upon this point is contained in the record: "It was agreed between the plaintiff and the defendant that the fire of November 16, 1906, originated by the burning of a car belonging to the defendant, which car was standing on a side track near defendant's main line and on its right-of-way; that this fire caught from a cook stove which was used in the car, the car being used as a boarding car; but it is not known how it happened that the fire from the cook stove set fire to the car, but in some way the car caught fire from the cook stove and burned the car, and from the burning car the fire was communicated to the adjacent land." If it should be held that proof of the burning of appellant's car and the communication therefrom of fire to appellee's land made a *prima facie* case of negligence against appellant, a point which we do not decide, the presumption thus arising is wholly destroyed by the agreement above set forth that it is not known how the fire originated. The doctrine of *res ipsa loquitur* can not apply to this state of case. (Pfeiffer v. Aue, 115 S. W. R., 300; Broadway v. San Antonio Gas Co., 24 Texas Civ. App., 603; Cosulich v. Standard Oil Co., 25 N. E. R., 259; Macon & Western R. R. Co. v. McConnell (Ga.), 76 Am. Dec. 685.) We do not think the mere proof of an injury by fire, where it is agreed that no one knows how the fire originated, is any evidence whatever of negligence. We therefore reverse the judgment of the District Court and here render judgment in appellee's favor for the sum of twenty-one dollars and twenty-five cents, with legal interest from December 30, 1906.

*Reversed and rendered.*